# United States District Court
### for the
# District of Alaska

**Supplemental Petition for Warrant or Summons for Offender Under Supervised Release**

*RECEIVED APR 10 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.*

| | |
|---|---|
| Name of Offender: Anas A. Dowl | Case Number: 3:99-cr-00159-01-JKS |

Sentencing Judicial Officer:   James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:    June 14, 2000

Original Offense:             Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1)

Original Sentence:            84 months imprisonment with 3 years supervised release

Date Supervision Commenced:   June 13, 2006

Asst. U.S. Attorney: Stephan Collins          Defense Attorney: John Salemi

---

## PETITIONING THE COURT

[X]   To issue a warrant [Warrant already issued on April 9, 2007, and executed on April 10, 2007]
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 10 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on April 10, 2007, the defendant was in possession of marijuana. This violation is a Grade C violation. |
| 11 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on April 10, 2007, the defendant was in possession of drug paraphernalia. This violation is a Grade C violation. |
| 12 | The defendant has violated the Mandatory Condition of Supervision, "The defendant shall not commit another federal, state, or local crime" in that on April 10, 2007, the defendant, a convicted felon, possessed a firearm. This violation is a Grade B violation. |

*Petition for Warrant or Summons*
*Name of Offender* : Anas A. Dowl
*Case Number* : 3:99-cr-00159-01-JKS

13  The defendant has violated the Mandatory Condition of Supervision, "The defendant shall not possess a firearm as defined in 18 U.SC. § 921," in that on April 10, 2007, the defendant possessed a firearm . This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]  Revoked
[ ]  Extended for _____ year(s), for a total term of _____ years.

[ ]  The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE
Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: April 10, 2007

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.* Already issued.

[ ]  *The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

*Petition for Warrant or Summons*
*Name of Offender          :        Anas A. Dowl*
*Case Number               :        3:99-cr-00159-01-JKS*

[ ]   Other: Warrant previously issued on April 9, 2007, and due to the execution of said warrant, a warrant is not to be issued at this time.

**REDACTED SIGNATURE**

_____
f/r James K. Singleton
Senior U.S. District Court Judge

4-10-07
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case Number: 3:99-cr-00159-01-JKS |
| vs. | ) ) ) | DECLARATION IN SUPPORT OF PETITION |
| Anas A. Dowl | ) ) ) |  |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Anas A. Dowl, and in that capacity declare as follows:

On June 14, 2000, the Court sentenced the defendant to 84 months imprisonment and three years supervised release. The Court imposed mandatory, standard, and several special conditions of supervised release.

On June 13, 2006, the defendant was released from the custody of the Bureau of Prisons and the defendant's supervised release commenced.

On June 26, 2006, this officer met with the defendant at the U.S. Probation/Pretrial Services Office after he provided a positive urine sample for marijuana, specimen C00466774. The defendant reported that he last used marijuana three to four days prior and that he is no longer going to use. The defendant reported that once he was released from custody, he wanted to go out "partying" and meeting girls but knows he cannot use.

Furthermore on June 26, 2006, this officer read all the conditions to the defendant from the Judgment, and gave a copy of the Judgment to the defendant.

On July 7, 2006, this officer met with the defendant at the U.S. Probation/Pretrial Services Office after he provided a positive urine sample for marijuana, specimen C00466786. The defendant reported that he had used marijuana since his last U/A on June 26, 2006. This officer informed the defendant that if he continues to use marijuana, he could be placed in jail.

Furthermore on July 7, 2006, the defendant was given a U.S. Probation/Pretrial Services urinalysis (U/A) call-in system card with instructions of how to use the system. The defendant had some questions regarding the process, which this officer answered all questions.

On July 13, 2006, Officer Odegard met with the defendant who reported losing his wallet

which contained his U/A call-in card. The defendant was given a new U/A call-in card.

On July 24, 2006, this officer spoke with the defendant by telephone concerning failing to call into the U/A call-in system. The defendant reported that he was confused about the system, so this officer went over the directions with the defendant.

On August 30, 2006, the defendant failed to appear for a scheduled drug test.

On September 1, 2006, the defendant failed to appear for a scheduled drug test.

On September 8, 2006, this officer met with the defendant at the U.S. Probation/Pretrial Services Office concerning his missed scheduled drug tests. The defendant reported that his mother, with whom he resides, placed reminders around the residence for the defendant to remind him to call the U/A call-in system, so he will not miss anymore urinalysis tests.

On September 14, 2006, the defendant failed to appear for a scheduled drug test.

On September 21, 2006, the defendant failed to appear for a scheduled drug test.

On October 4, 2006, the defendant failed to appear for a scheduled drug test.

On October 6, 2006, this officer met with the defendant at the U.S. Probation/Pretrial Services Office concerning his continue failure to report for schedule urinalysis testing.

On November 13, 2006, the defendant failed to appear for a scheduled drug test.

On December 5, 2006, the defendant failed to appear for a scheduled drug test.

On December 26, 2006, the defendant failed to appear for a scheduled drug test.

On January 4, 2007, this officer met with the defendant at the U.S. Probation/Pretrial Services Office after he provided a positive urine sample for marijuana, specimen A01018990. The defendant admitted to the use of marijuana on his birthday, December 30, 2006. The defendant reported that this was his first birthday out of custody in 13 years, and he decided to smoke marijuana.

On January 12, 2007, the defendant failed to appear for a scheduled drug test.

On January 16, 2007, the defendant failed to appear for a scheduled drug test.

On February 6, 2007, the defendant failed to appear for a scheduled drug test.

On February 13, 2007, the defendant failed to appear for a scheduled drug test.

On February 14, 2007, the defendant was assessed for dual-diagnosis (substance abuse and

mental health) treatment at Akeela, Inc. According to the counselor's recommendation, the defendant was recommended for 16-20 weeks of outpatient treatment, attending group once weekly and individual sessions once monthly.

On February 20, 2007, the defendant failed to appear for a scheduled drug test.

On February 23, 2007, this officer met with the defendant at the U.S. Probation/Pretrial Services Office after he provided a positive urine sample for marijuana, specimen A01018945. This officer spoke with the defendant about any use of marijuana since his birthday on December 30, 2006, and the defendant reported that he had used marijuana again during the first or second week of January 2007.

On March 12, 2007, this officer spoke with the defendant's counselor at Akeela, Inc. who reported that the defendant attended his scheduled treatment meetings on March 2, 2007, and March 9, 2007.

On March 14, 2007, the defendant left a voice message for this officer reporting that he has two jobs.

On March 16, 2007, the defendant failed to attend a scheduled treatment session at Akeela, Inc.

On March 23, 2007, the defendant failed to attend a scheduled treatment session at Akeela, Inc.

On March 29, 2007, the defendant failed to appear for a scheduled drug test.

On March 30, 2007, the defendant failed to attend a scheduled treatment session at Akeela, Inc.

On April 10, 2007, this officer, with the assistance of fellow officers and officers with the Anchorage Police Department, searched the defendant's reported residence at 8100 Boundary Avenue, #1, Anchorage, Alaska. The following items were found and seized at said residence: baggie containing marijuana, 38 S&W handgun (loaded), a bong, four ashtrays with possible marijuana residue, and wrapping papers.

Executed this 10th day of April, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

_____
Chris Liedike
U.S. Probation Officer